UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES NEWTON,

    Plaintiff,

v.                                                                    Case No. 5:15cv211/MP/CJK

MS. WHEELER,

    Defendant.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  By separate order issued this day, plaintiff was granted leave to proceed *in forma pauperis*.  Upon review of plaintiff's complaint, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

    Plaintiff is an inmate of the Florida Department of Corrections currently confined at Northwest Florida Reception Center (NWFRC).  (Doc. 1).  Plaintiff's complaint names one defendant, Ms. Wheeler, a mental health counselor at NWFRC.  Plaintiff alleges that Ms. Wheeler has been attempting to establish a sexual relationship with him.  (*Id.* at 5).  According to plaintiff, Ms. Wheeler has asked him to have sexual intercourse with her, has tried to kiss him many times, and has tried

to show him her breasts and undergarments. (*Id.* at 5-7). Ms. Wheeler also allegedly asked plaintiff to be her husband and have children with her. (*Id.*). Plaintiff states the two of them have not had sexual intercourse, but plaintiff makes his attraction to Ms. Wheeler and his intentions toward her quite clear, concluding: "Ms. Wheeler has always been so sexy and fine can't wait to see her without clothes. I really want to marry her." (*Id.* at 6). Plaintiff is suing Ms. Wheeler "for trying to have sexually [sic] intercourse with a inmate in the Florida Department of Corrections. That's against the rules in Fla. prison system to have sexually [sic] intercourse with any inmate." (*Id.* at 7). Plaintiff appears to seek declaratory relief. (*Id.*).

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light most favorable to plaintiff. *Davis v. Monroe Cnty. Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). In applying this standard, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts applying the Rule 12(b)(6) standard must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679,

129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court held in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570. The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

Taking all well-pleaded allegations of plaintiff's complaint as true and construing them in the light most favorable to plaintiff, the complaint fails to state a

plausible § 1983 claim against the defendant. A viable claim under § 1983 requires plaintiff to establish two elements:

1. the conduct complained of was committed by a person acting under color of state law; and

2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff does not allege that Ms. Wheeler's conduct deprived him of any federal right; instead, he alleges only a violation of prison regulations. Violations of departmental rules or regulations do not, standing alone, infringe on an inmate's federal constitutional rights. *See Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S. Ct. 2293, 132 L. Ed.2 d 418 (1995) (prison regulations are not intended to confer rights or benefits on inmates but are merely designed to guide correctional officials in the administration of prisons); *United States v. Caceres*, 440 U.S. 741, 751-52, 99 S. Ct. 1465, 59 L. Ed. 2d 733 (1979) (mere violations of agency regulations do not raise constitutional questions); *Magluta v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) (noting that "procedural requirements set out in [an administrative] regulations are not themselves constitutional mandates.").

Liberally construing plaintiff's allegations as asserting an Eighth Amendment challenge to Ms. Wheeler's conduct, plaintiff's allegations fail to state a plausible claim for relief under § 1983. At a minimum, all claims challenging conditions of

confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs," such as medical care, exercise, food, warmth, clothing, shelter, or safety. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981); *see also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1571-72 (11th Cir. 1985). Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481.

*Chandler*, 379 F.3d at 1289-90.

> The second part of the two-part analysis is the "subjective component:"
>
> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8, 112 S. Ct. at 999 (quotation marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison

official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the *Farmer* Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979.

*Chandler*, 379 F.3d at 1289-90.

The Eleventh Circuit, joining other circuits, has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *see also Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Boddie*, 105 F.3d at 861 (citation and quotation omitted). However, under Eleventh Circuit precedent concerning the nature of injuries actionable under the Eighth Amendment, the injury must be objectively, sufficiently serious, *i.e.*, more than *de minimis*. *See Boxer X*, 437 F.3d at 1111; *see also Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).

Here, plaintiff's allegations that Ms. Wheeler repeatedly propositioned him and attempted to kiss him plainly do not satisfy the Eighth Amendment standard, especially since he apparently does not find her conduct offensive, let alone

injurious.[1]  *See, e.g.*, *Boxer X*, 437 F.3d at 1111 (female prison guard's alleged solicitation of male prisoner's manual masturbation, even under the threat of reprisal, did not present more than *de minimis* injury and therefore did not give rise to claim under the Eighth Amendment); *see also, e.g.*, *Moton v. Walker*, 545 F. App'x 856, 860 (11th Cir. 2013) (even if defendant prison guard lacked legitimate penological purpose in conducting strip search of inmate, and guard's alleged smile revealed a "subjectively culpable state of mind," there was no evidence inmate suffered any injury that was, objectively, more than *de minimis*) (citing *Boxer X*, 437 F.3d at 1111)); *Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (inmate's allegations that he suffered momentary pain, "psychological injury," embarrassment, humiliation, and fear after he was subjected to officer's offensive and unwanted touching were *de minimis* injuries which did not rise to the level of constitutional harms, and although officer's conduct was inappropriate and vulgar, it was not repugnant to humanity's conscience); *Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to Eighth Amendment violation); *Joseph v. U. S. Fed. Bureau of Prisons*, 232 F.3d 901, 2000 WL 1532783, at *1-2 (10th Cir. 2000) (no Eighth Amendment violation where plaintiff alleged prison official "touched him

---

[1] In the last two months, plaintiff has made nearly identical allegations against at least seven other female staff members at NWFRC. *See Newton v. Ortiz*, No. 5:15cv213/MMP/GRJ, Complaint (N.D. Fla. Aug. 14, 2015); *Newton v. Register*, No. 5:15cv212/LAC/GRJ, Complaint (N.D. Fla. Aug. 14, 2015); *Newton v. Luckies*, No. 5:15cv188/LAC/CJK, Complaint (N.S. Fla. July 28, 2015); *Newton v. Gay*, No. 5:15cv187/LAC/EMT, Complaint, N.D. Fla. July 28, 2015); *Newton v. Griffes*, No. 5:15cv189/MMP/EMT, Complaint (N.D. Fla. July 28, 2015); *Newton v. Pardon*, No. 5:15cv191/LAC/CJK, Complaint (N.D. Fla. July 28, 2015); *Newton v. Kane*, No. 5:15cv186/MMP/GRJ, Complaint (N.D. Fla. July 28, 2015); *Newton v. Lang*, No. 5:15cv185/LAC/GRJ, Complaint (N.D. Fla. July 28, 2015).

several times in a suggestive manner and exposed her breasts to him"); *Boddie*, 105 F.3d at 861 (a few incidents involving verbal harassment, touching, and pressing without consent are not sufficiently serious to establish Eighth Amendment violation); *Jones v. Culinary Manager II*, 30 F. Supp. 2d 491, 493, 497-98 (E.D. Pa. 1998) (allegation that prison guard pinned plaintiff to box, ground his pelvis against plaintiff's buttocks, and threatened sex was not sufficiently serious to violate the Eighth Amendment); *Bonner v. Hall*, No. 3:11cv4/MCR/CJK, 2012 WL 5357275, at *3 (N.D. Fla. Oct. 1, 2012) (unpublished decision) (allegations that correctional officer asked to see inmate's penis, followed by officer's licking his lips, does not indicate anything more than a *de minimis* injury and thus fails to state a constitutional claim), *Report and Recommendation Adopted*, 2012 WL 5357188 (N.D. Fla. Oct. 30, 2012) (unpublished decision); *Allen v. McDonough*, No. 4:07cv469/RH/GRJ, 2011 WL 4102525, at *5-6 (N.D. Fla. Aug. 17, 2011) (unpublished decision) (officer's making sexual comments and gesture to inmate during inmate's shower did not rise to level of Eighth Amendment violation), *Report and Recommendation Adopted*, 2011 WL 14103081 (N.D. Fla. Sept. 14, 2011) (unpublished decision).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile in this instance because the facts, as alleged in

the complaint and viewed in a light most favorable to plaintiff, could not be stated in any fashion so as to show a constitutional violation; therefore, the court may dismiss this case without providing opportunity for amendment.  Moreover, the number of cases filed by this plaintiff, each containing identical allegations toward female staff members, strongly suggests a pattern of bad faith that should not be countenanced by the court.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 2nd day of October, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.